**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Marshall Ray CUSTARD, Jr., Defendant–Appellant.**

**No. 05–21036 Conference Calendar.**

United States Court of Appeals, Fifth Circuit.

Dec. 12, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Margaret Christina Ling, Assistant Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before KING, WIENER, and OWEN, Circuit Judges.

---

PER CURIAM: *

Marshall Ray Custard, Jr., pleaded guilty to transportation of a minor with intent to engage in criminal sexual activity, for which he was sentenced to 21 months of imprisonment to be followed by a three-year term of supervised release. He now appeals the 24–month prison sentence imposed upon the revocation of his term of supervised release.

Custard contends that the district court imposed a sentence above the statutory maximum. He argues that, under the principles announced in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the maximum revocation sentence that could have been imposed in light of his original sentence, based upon facts admitted by him, was 21 months, which was the top of the sentencing guideline range found applicable by the district court. He argues that 21 months, rather than the former statutory maximum of 15 years under 18 U.S.C. § 2423(a), governs the classification of his underlying felony for purposes of revocation of supervised release. *See* 18 U.S.C. §§ 3559(a), 3583(e).

Custard correctly acknowledges that his argument is foreclosed by this court's decision in *United States v. Alfaro–Hernandez*, 453 F.3d 280, 281–82 (5th Cir.2006), but he wishes to preserve the argument for possible further Supreme Court review.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

